IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LOREN CHRISTINE MATTOS, | ) | CIVIL NO. 11-00275 LEK-RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LAURUS FUNDING GROUP, INC.; | ) | |
| FLAGSTAR BANK FSH; NATIONSTAR | ) | |
| MORTGAGE, LLC; JOHN DOES 1- | ) | |
| 10; JANE DOES 1-10; DOE | ) | |
| CORPORATIONS, PARTNERSHIPS OR | ) | |
| OTHER ENTITIES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANT NATIONSTAR MORTGAGE, LLC'S MOTION
FOR SUMMARY JUDGMENT ON PLAINTIFF'S FIRST AMENDED COMPLAINT**

Before the Court is Defendant Nationstar Mortgage, LLC's ("Nationstar" or "Defendant") Motion for Summary Judgment on Plaintiff's First Amended Complaint ("Motion"), filed on October 12, 2012.  Plaintiff Loren Christine Mattos ("Plaintiff") filed her memorandum in opposition on November 5, 2012, and Defendant filed its reply on November 9, 2012.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Defendant's Motion is HEREBY GRANTED for the reasons set forth below.

## BACKGROUND

I.   **Factual Background**

Plaintiff filed her original Complaint on April 26, 2011, which was dismissed with leave to amend by United States Senior District Judge David Alan Ezra on June 29, 2012 ("6/29/12 Order").[1]  [Dkt. no. 32.]  She filed her First Amended Complaint on July 30, 2012, against Laurus Funding Group, Inc. ("Laurus"), Flagstar Bank FSB ("Flagstar"), and Nationstar.  [Dkt. no. 35.]

Plaintiff was the owner of the subject property located at 17-943 Kukui Camp Road, Mountain View, Hawai'i, 96771 (the "Property"), and claims she originally sought a construction loan to finance the building of the Property.  On March 6, 2008, she executed and delivered a promissory note ("Note") to Laurus in the amount of $318,500.00, plus interest at the rate of 6.875%; the Note includes a blank indorsement and Nationstar is in possession of the Note.[2]  The Note is secured by a mortgage dated March 6, 2008 ("Mortgage"), executed by Plaintiff as mortgagor, in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Laurus.  The Note secured by the Mortgage was recorded on March 12, 2008 in the Bureau of Conveyances,

---

[1] This case was reassigned to this Court on August 3, 2012. [Dkt. no. 37.]

[2] The Note is attached as Exhibit A to the Declaration of Michelle Smith, filed by Nationstar on April 16, 2012 ("Smith Declaration"), Assistant Secretary for Nationstar.  [Dkt. nos. 22, 27.]

2

State of Hawaiʻi ("Bureau"), as Document No. 2008-037785.[3]  The

Mortgage was assigned by MERS, as nominee for Laurus, to

Nationstar pursuant to an assignment of Mortgage ("Assignment"),

recorded on June 16, 2010 in the Bureau as Document No. 2010-

083262.[4]

As part of the loan, Plaintiff executed a Uniform

Residential Loan Application, which provides in part as follows:

> (7) the Lender and its agents, brokers, insurers,
> servicers, successors, and assigns may
> continuously rely on the information contained in
> this application, and I am obligated to amend
> and/or supplement the information provided in this
> application if any of the material facts that I
> have represented herein should change prior to
> closing the Loan[.]

[Smith Decl., Exh. D (Loan Application).]  Plaintiff did not

amend or supplement her loan application at any time.  [Smith

Decl. at ¶ 9.]

On August 1, 2009, Plaintiff defaulted under the terms

of the Note and Mortgage for failure to make payments when due.

In October of 2009, the servicing of Plaintiff's loan was

transferred from Flagstar to Nationstar.  On January 20, 2010,

Plaintiff entered into a trial forbearance plan with Nationstar.

[Id. at ¶¶ 10-12.]

---

[3] The recorded Mortgage is attached to the Smith Declaration
as Exhibit B.

[4] The recorded Assignment is attached to the Smith
Declaration as Exhibit C.

On January 28, 2010, Nationstar sent a letter to Plaintiff advising of the default under the Note and Mortgage, providing thirty-five days to cure the default, noting that failure to cure the default may result in the acceleration of the entire balance, and advising of the right to reinstate after acceleration. [Id. at ¶ 13, Exh. E (1/28/10 Letter).]

By April 6, 2010, Plaintiff failed to provide Nationstar with all of the requested documents, in default of the terms of the forbearance plan. Nationstar sent Plaintiff a letter dated April 7, 2010, which advised Plaintiff that she defaulted under the terms of the forbearance plan and provided additional mitigation alternatives. [Id. at ¶ 15, Exh. F (4/7/10 Letter).] Plaintiff claims that she provided Flagstar with the requested information and made all payments on time, but that her last payment was returned to her by Nationstar. [Mattos Aff. at ¶¶ 14-17.] On June 24, 2010, Nationstar recorded a Notice of Mortgagee's Intention to Foreclose Under Power of Sale ("NOI") in the Bureau as Document No. 2010-088400. [Smith Decl. at ¶ 16, Exh. G (6/24/10 NOI).] A foreclosure sale of the Property was conducted on October 29, 2010. [Id. at ¶ 20.] On July 26, 2011, Nationstar recorded a Notice of Rescission of Mortgagee's Intention to Foreclose Under Power of Sale in the Bureau as Document No. 2011-116326. [Id. at ¶ 21.]

Plaintiff's First Amended Complaint alleges that

Nationstar, Laurus, and Flagstar failed to give her notice that
she was in default, that she had a right to cure and reinstate,
or the identity of the lender so that she could discuss loss
mitigation and loan workout options.  [First Amended Complaint at
¶ 35.]  She alleges that Nationstar foreclosed on the Property
without disclosing that the subject loan had been sold to an
investor, and failed to disclose to Plaintiff her consumer
rights, and allow her obtain relief from the "HARP or HAMP"
programs.  [Id. at ¶¶ 36-37.]  Plaintiff claims that Nationstar,
Laurus, and Flagstar conspired to conceal material information as
to the owner of the subject loan so that they could obtain title
to the Property by deception.  [Id. at ¶ 39.]

        Plaintiff asserts the following claims in her First
Amended Complaint: Count I - fraudulent misrepresentation and
concealment; Count II - unjust enrichment; Count III - unfair and
deceptive acts or practices ("UDAPs"), in violation of Haw. Rev.
Stat. § 480-2 and § 481A-3; Count IV - intentional infliction of
emotional distress ("IIED"); Count V - declaratory and injunctive
relief.

## II.  **Defendant's Motion**

        Defendant moves for summary judgment on all of the
claims in Plaintiffs' First Amended Complaint, and seeks
dismissal with prejudice.  Defendant states that it was not
involved in the origination of the loan, did not make any

misrepresentations, was not responsible for any alleged non-disclosures at the time of origination, and that it is in possession of the original Note.  [Mem. in Supp. of Motion at 2-3.]

   A.   **Fraudulent Misrepresentation and Concealment**

        Defendant first argues that it did not make any false representations to Plaintiff, nor did Plaintiff rely upon any representation from Nationstar, therefore, her claims fail as a matter of law.  It also asserts that she fails to allege her fraud with particularity as required by Fed. R. Civ. P. 9(b) because she fails to allege any statement attributable to Nationwide or any lender.  [Id. at 9-12.]

   B.   **Unjust Enrichment**

        Next, Defendant argues that Count II fails as a matter of law because Plaintiff did not confer a benefit upon Nationstar that was unjustly retained.  Nationstar submits evidence that it is the servicer of Plaintiff's loan and is entitled to enforce the terms of the Note and Mortgage.  [Id. at 12-13.]

   C.   **UDAP**

        Nationstar argues that it did not commit any UDAP because it was not involved in the origination of the loan, that it did not make any misrepresentations, and that Plaintiff fails to support her allegations with any evidence.  [Id. at 14-15.]

   D.   **IIED**

According to Defendant, it did not act in an extreme and outrageous manner, and Plaintiff cannot satisfy the elements of the tort of IIED.  It argues that it did attempt to qualify Plaintiff for loan modification programs, and acted within its rights under the Note and Mortgage.  [<u>Id.</u> at 15-16.]

> **E.    <u>Declaratory and Injunctive Relief</u>**

Defendant argues that Plaintiff is not entitled to the relief she seeks because she is in default and filed the instant frivolous action to delay the foreclosure sale of the Property.  Further, it notes that these are not stand alone claims, but are remedies.  [<u>Id.</u> at 16-19.]

## III. <u>Plaintiff's Memorandum in Opposition</u>

Plaintiff argues that there are genuine issues of material fact precluding summary judgment, including that: (1) Defendants are not the holders of the Note, and that the true owner is Fannie Mae; (2) Nationstar concealed that the loan was sold to Fannie Mae.  [Mem. in Opp. at 9-10.]  Plaintiff also seeks time for additional discovery.  [<u>Id.</u> at 10.]

Plaintiff argues that Nationstar is engaging in fraud and UDAPs by misrepresenting that it owns the Note and that the loan is in default.  Her theory is that Nationstar is deliberately seeking to obtain title to the Property, to which it has no right, and that she has suffered severe mental and emotional distress as a result.  She appears to argue that

Nationstar has "falsif[ied] the facts" in support of its Motion. [Id. at 12-13, 15.]

With respect to her unjust enrichment claim, Plaintiff argues that Nationstar should be required to disgorge any payments it received in its own name that she intended to pay to Fannie Mae and that it did not receive.  She seeks an accounting, asserts that she is not in default, and that payments have not been properly accounted for.  [Id. at 14.]

IV.  **Defendants' Reply**

In its reply, Nationstar maintains that Plaintiff's First Amended Complaint, and her request for more time to conduct discovery, are intended only to "further stall [it] from acquiring possession of the Property."  [Reply at 3.]  It notes that Plaintiff has not offered any admissible evidence that would create a genuine issue of material fact.

Nationstar contends that Plaintiff's arguments are insufficient because: (1) she has had over eighteen months to conduct discovery and serve all parties; (2) the evidence shows that it is the real party in interest as the holder of the Note and the current mortgagee under the Mortgage; (3) Plaintiff offers no evidence that it wrongfully denied any loan modification request; (4) she is not being considered for loan modification; and (5) she has failed to cure any of the deficiencies in the claims previously dismissed in her First

Amended Complaint.  [Id. at 4-5.]

**STANDARD**

Pursuant to Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial.  See Celotex [Corp. v. Catrett], 477 U.S. [317,] 323 [(1986)].  A moving party has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).  The burden initially falls on the moving party to identify for the court "those portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323). "A fact is material if it could affect the outcome of the suit under the governing substantive law." Miller [v. Glenn Miller Prods., Inc.], 454 F.3d [975,] 987 [(9th Cir. 2006)].

When the moving party fails to carry its initial burden of production, "the nonmoving party has no obligation to produce anything."  In such a case, the nonmoving party may defeat the motion for summary judgment without producing anything. Nissan Fire, 210 F.3d at 1102-03.  On the other hand, when the moving party meets its initial burden on a summary judgment motion, the "burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial." Miller, 454 F.3d at 987.  This means that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

9

586 (1986) (footnote omitted).  The nonmoving
party may not rely on the mere allegations in the
pleadings and instead "must set forth specific
facts showing that there is a genuine issue for
trial."  <u>Porter v. Cal. Dep't of Corr.</u>, 419 F.3d
885, 891 (9th Cir. 2005) (quoting <u>Anderson v.
Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986)).
"A genuine dispute arises if the evidence is such
that a reasonable jury could return a verdict for
the nonmoving party."  <u>California v. Campbell</u>, 319
F.3d 1161, 1166 (9th Cir. 2003); <u>Addisu v. Fred
Meyer, Inc.</u>, 198 F.3d 1130, 1134 (9th Cir. 2000)
("There must be enough doubt for a 'reasonable
trier of fact' to find for plaintiffs in order to
defeat the summary judgment motion.").

On a summary judgment motion, "the nonmoving
party's evidence is to be believed, and all
justifiable inferences are to be drawn in that
party's favor."  <u>Miller</u>, 454 F.3d at 988
(quotations and brackets omitted).

<u>Rodriquez v. Gen. Dynamics Armament & Technical Prods., Inc.</u>, 696

F. Supp. 2d 1163, 1176 (D. Hawai`i 2010) (some citations

omitted).

**<u>DISCUSSION</u>**

I.  **<u>Defendant's Motion</u>**

The Court first notes that, despite Plaintiff's bare

assertion that there are genuine issues of material fact

precluding summary judgment, she fails to point to any evidence

in the record demonstrating as much.  The conclusory assertions

in Plaintiff's Affidavit are not sufficient to rebut the

undisputed documentary evidence submitted in support of the

Motion.  Even drawing all justifiable inferences in Plaintiff's

favor, the Court concludes that there are no genuine issues of

material fact, and that Defendant is entitled to judgment as a
matter of law on each claim, as set forth more fully below.

Notably, Nationstar has sufficiently established that
it is the real party in interest entitled to enforce the Note and
Mortgage.  That Fannie Mae is an "investor," as Plaintiff
alleges, does not change the fact that Nationstar is the current
holder of the Note and Mortgage, entitled to enforce their terms.

A.   **Count I (Fraudulent Misrepresentation and Concealment)**

Under Hawai`i law, the elements of a fraudulent or
intentional misrepresentation claim are: "(1) false
representations made by the defendant; (2) with knowledge of
their falsity (or without knowledge of their truth or falsity);
(3) in contemplation of plaintiff's reliance upon them; and
(4) plaintiff's detrimental reliance." Miyashiro v. Roehrig,
Roehrig, Wilson & Hara, 122 Hawai`i 461, 482-83, 228 P.3d 341,
362-63 (Ct. App. 2010) (citing Hawaii's Thousand Friends v.
Anderson, 70 Haw. 276, 286, 768 P.2d 1293, 1301 (1989)).  In
order to support a finding of fraud, a plaintiff must establish
these elements by clear and convincing evidence. See, e.g.,
Hawaii's Thousand Friends, 70 Haw. at 286, 768 P.2d at 1301
(citation omitted).  The court in Miyashiro also noted that:

> Section 551 of the Restatement (Second) of Torts
> also addresses liability for wrongful
> non-disclosure, or fraud by omission:
>      (1) One who fails to disclose to another a
> fact that he knows may justifiably induce the

11

> other to act or refrain from acting in a business
> transaction is subject to the same liability to
> the other as though he had represented the
> nonexistence of the matter that he has failed to
> disclose, if, but only if, he is under a duty to
> the other to exercise reasonable care to disclose
> the matter in question.
> (2) One party to a business transaction is
> under a duty to exercise reasonable care to
> disclose to the other before the transaction is
> consummated,
> (a) matters known to him that the other
> is entitled to know because of a fiduciary or
> other similar relation of trust and
> confidence between them[.]

122 Hawai`i at 483 n.24, 228 P.3d at 363 n.24 (alteration in

Miyashiro).

First, Plaintiff makes no attempt to show that

Nationstar had knowledge or notice of the fraud allegedly

undertaken during the loan consummation. Second, to the extent

Plaintiff now alleges that Nationstar misrepresented that it is

entitled to enforce the loan, Plaintiff's bare allegations are

refuted by the evidence. Nationstar has not misrepresented that

it is the loan servicer, holder of the Note, and entitled to

enforce the Mortgage. [See Smith Decl., Exhs. A-C.]

In any event, none of Plaintiff's fraud allegations are

set forth with the particularity required by Fed. R. Civ. P.

9(b), despite the district court's earlier dismissal of these

claims with leave to amend. Plaintiff's allegations are plainly

insufficient to meet the heightened pleading standards under Rule

9(b).  See, e.g., Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1042 (9th Cir. 2010) (stating that plaintiffs "must allege the time, place, and content of the fraudulent representation; conclusory allegations do not suffice" (citation omitted)).  Plaintiff has failed to cure the defects in these claims as noted in the 6/29/12 Order and has not rebutted Nationstar's showing that it is entitled to summary judgment. The Motion is GRANTED as to Count I.

**B.   Count II (Unjust Enrichment)**

This Court has previously held that, as here, where the Note, Mortgage, and forbearance agreement are express agreements that the Plaintiff executed in connection with her loan, Plaintiff cannot pursue an unjust enrichment claim.

> To prevail on an unjust enrichment claim, a plaintiff must show that: 1) it has conferred a benefit upon the defendant, and 2) that the retention of the benefit was unjust.  Wadsworth v. KSL Grant (sic) Wailea Resort, Inc., --- F. Supp. 2d ----, No. 08-00527, 2010 WL 5146521, at *11 (D. Haw. December 10, 2010).
>
> As a general rule, "[a]n action for unjust enrichment cannot lie in the face of an express contract."  Porter v. Hu, [116 Hawai'i 42,] 169 P.3d 994 (Haw. App. 2007); see also Goodwin v. Executive Trustee Servs., LLC, 680 F. Supp. 2d 1244, 1255 (D. Nev. 2010) ("An action 'based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement.'"  (quoting Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975, [113 Nev. 747,] 942 P.2d

182, 187 (Nev. 1997))); <u>MacDonald v. Hayner</u>,
[43 Wash. App. 81] 715 P.2d 519, 522 (Wash.
App. 1986) ("A party to a valid express
contract is bound by the provisions of that
contract, and may not disregard the same and
bring an action on an implied contract
relating to the same matter, in contravention
of the express contract.")  Here both the
Note and the Mortgage were express agreements
that Plaintiffs executed in connection with
their loan which govern the parties (sic)
rights and obligations.  Plaintiffs cannot,
therefore, pursue an unjust enrichment claim.

<u>Velasco v. Sec. Nat'l Mortg. Co.</u>, CV. No. 10-00239
DAE-KSC, 2011 WL 2117008, at *11 (D. Hawai'i May
24, 2011) (alterations in original) (footnote
omitted).

<u>Caraang v. PNC Mortg.</u>, 795 F. Supp. 2d 1098, 1118 (D. Hawai'i

2011).  Here, Plaintiff's allegations relate to the Note and

Mortgage, which were express agreements that she executed in

connection with the loan, and Plaintiff therefore cannot maintain

an unjust enrichment claim.

        Further, Plaintiff did not come forward with any

evidence demonstrating that Nationstar unjustly retained any

benefit.  Plaintiff's naked assertion that Nationstar received

payments that should have been made to "the real party in

interest (Fannie Mae)" [Mem. in Opp. at 14,] is not supported by

the record.  Nor has Plaintiff cured the deficiencies in this

count as noted in the 6/29/12 Order.  The Motion is GRANTED as to

Count II.

    C.    <u>**Count III (UDAP)**</u>

        Defendant argues that it is entitled to summary

14

judgment on Count III because it made no misrepresentations, and
was not involved in the loan origination.

With respect to Plaintiff's claims that she was taken
advantage of by sophisticated financial institutions, this
district court has recognized that:

> "lenders generally owe no duty to a borrower 'not
> to place borrowers in a loan even where there was
> a foreseeable risk borrowers would be unable to
> repay.'" McCarty v. GCP Mgmt., LLC, 2010 WL
> 4812763, at *6 (D. Haw. Nov. 17, 2010) (quoting
> Champlaie v. BAC Home Loans Servicing, LP, 706 F.
> Supp. 2d 1029, 1061 (E.D. Cal. 2009)). See also
> Sheets v. DHI Mortg. Co., 2009 WL 2171085, at *4
> (E.D. Cal. July 20, 2009) (reasoning that no duty
> exists "for a lender 'to determine the borrower's
> ability to repay the loan. . . . The lender's
> efforts to determine the creditworthiness and
> ability to repay by a borrower are for the
> lender's protection, not the borrower's.'"
> (quoting Renteria v. United States, 452 F. Supp.
> 2d 910, 922-23 (D. Ariz. 2006)).
>
> "[A]s a general rule, a financial institution
> owes no duty of care to a borrower when the
> institution's involvement in the loan transaction
> does not exceed the scope of its conventional role
> as a mere lender of money." Nymark v. Heart Fed.
> Sav. & Loan Ass'n, 283 Cal. Rptr. 53, 56 (Cal. Ct.
> App. 1991). Nothing in the Complaint indicates
> that any Defendant "exceed[ed] the scope of [a]
> conventional role as a mere lender of money." The
> claims fail on that basis alone.

Casino v. Bank of Am., Civil No. 10-00728 SOM/BMK, 2011 WL
1704100, at *12-13 (D. Hawai`i May 4, 2011).

Nationstar was not the original lender, and Plaintiff
fails to establish that Nationstar breached any duty to her, or
that it made any misrepresentations that amount to violations of

15

Haw. Rev. Stat. Chapter 480.  To the extent Plaintiff alleges that Nationstar concealed that the loan was sold to Fannie Mae, or has "declare[d] a default when there is none," [Mem. in Opp. at 15,] her arguments are contradicted by the record.  Further, to the extent her UDAP claims sound in fraud, they are insufficient to satisfy Rule 9(b), as discussed above.  Finally, Plaintiff made no attempt to cure the deficiencies in her UDAP claims set forth in the 6/29/12 Order.  The Motion is GRANTED as to Count III.

    **D.**   **Count IV (IIED)**

      "The elements of the tort of intentional infliction of emotional distress are 1) that the act allegedly causing the harm was intentional or reckless, 2) that the act was outrageous, and 3) that the act caused 4) extreme emotional distress to another." Hac v. Univ. of Haw., 102 Hawai'i 92, 106-07, 73 P.3d 46, 60-61 (2003) (adopting IIED standard from Restatement (Second) of Torts).  In explaining the type of "outrageous" conduct that makes a claim for intentional infliction of emotional distress actionable, the Restatement (Second) of Torts states:

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.  Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be

16

> regarded as atrocious, and utterly intolerable in
> a civilized community.  Generally, the case is one
> in which the recitation of the facts to an average
> member of the community would arouse his
> resentment against the actor, and lead him to
> exclaim, "Outrageous!"

Ross v. Stouffer Hotel Co. (Hawai'i) Ltd., Inc., 76 Hawai'i 454,

465 n.12, 879 P.2d 1037, 1048 n.12 (1994) (quoting Restatement

(Second) of Torts § 46, cmt. d. (1965)).  "The question whether

the actions of the alleged tortfeasor are . . . outrageous is for

the court in the first instance, although where reasonable

persons may differ on that question it should be left to the

jury."  Nagata v. Quest Diagnostics Inc., 303 F. Supp. 2d 1121,

1127 (D. Hawai'i 2004) (citing Shoppe v. Gucci Am., Inc., 94

Hawai'i 368, 387, 14 P.3d 1049, 1068 (2000)).  Further,

> "Default and foreclosure proceedings generally do
> not rise to the level of extreme and outrageous
> conduct.  Denying a loan modification which might
> result in foreclosure is no more 'outrageous in
> character' than actually foreclosing."  Erickson
> v. Long Beach Mortg. Co., No. 10-1423 MJP, 2011 WL
> 830727, at *7 (W.D. Wash. Mar. 2, 2011) (citation
> omitted) (dismissing IIED claim on summary
> judgment).  But cf. Bass v. Ameriquest Mortg. Co.,
> Civ. No. 09-00476 JMS-BMK, 2010 WL 3025167, at
> *10-11 (D. Haw. Aug. 3, 2010) (denying summary
> judgment as to an IIED claim where the plaintiff
> asserted that the defendant "forged her signature
> on the 2006 loans, refused to honor [her] right of
> cancellation of the loans when she discovered the
> forgeries, and commenced foreclosure proceedings
> against [her] when she failed to make her loan
> payments").

Uy v. Wells Fargo Bank, N.A., Civ. No. 10-00204 ACK-RLP, 2011 WL

1235590, at *14 (D. Hawai'i Mar. 28, 2011) (alterations in

original).

Even when viewed in the light most favorable to Plaintiff, the evidence does not demonstrate conduct by Nationstar that was outrageous, or beyond all bounds of decency. Nor has Plaintiff demonstrated a genuine issue of material fact with respect to this claim.  The Motion is GRANTED as to Count IV.

### E.    Count V (Declaratory and Injunctive Relief)

Because the Court concludes that Defendant is entitled to summary judgment on all of the substantive claims in the First Amended Complaint, Plaintiff is not entitled to the remedies of declaratory or injunctive relief.  The Motion is GRANTED as to Count V.

## II.  Plaintiffs' Request for Discovery

To the extent Plaintiff asks the Court for more time to conduct discovery, she does not satisfy Fed. R. Civ. P. 56(d). Rule 56(d) provides that:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  Whether to deny a Rule 56(d) request for further discovery by a party opposing summary judgment is within the discretion of the district court.  <u>Nidds v. Schindler Elevator Corp.</u>, 113 F.3d 912, 920-21 (9th Cir. 1996).

"A party requesting a continuance pursuant to Rule [56(d)] must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment."  <u>Tatum v. City & Cnty. of San Francisco</u>, 441 F.3d 1090, 1100 (9th Cir. 2006).  Moreover, "[t]he burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists." <u>Nidds</u>, 113 F.3d at 921.

"Failure to comply with the requirements of Rule [56(d)] is a proper ground for denying discovery and proceeding to summary judgment."  <u>Brae Transp., Inc. v. Coopers & Lybrand</u>, 790 F.2d 1439, 1443 (9th Cir. 1986); <u>see also</u> <u>Tatum</u>, 441 F.3d at 1100-01 (finding that an attorney declaration was insufficient to support a Rule 56 continuance where the declaration failed to specify specific facts to be discovered or explain how a continuance would allow the party to produce evidence precluding summary judgment).

Plaintiff fails to comply with the requirements of Rule 56(d), and has not met her burden to proffer sufficient facts to show that the evidence sought exists; rather, it appears entirely

speculative.  The Court DENIES Plaintiff's request for time to conduct additional discovery.

<u>CONCLUSION</u>

On the basis of the foregoing, Defendant Nationstar Mortgage, LLC's Motion for Summary Judgment on Plaintiff's First Amended Complaint, filed on October 12, 2012, is HEREBY GRANTED. This order hereby disposes of all claims against Nationstar.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 22, 2013.



_/S/ Leslie E. Kobayashi_____
Leslie E. Kobayashi
United States District Judge

<u>LOREN CHRISTINE MATTOS V. LAURUS FUNDING GROUP, INC., ET AL</u>; CIVIL NO. 11-00275 LEK-RLP; ORDER GRANTING DEFENDANT NATIONSTAR MORTGAGE, LLC'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S FIRST AMENDED COMPLAINT